<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MORRELL HOYLE, | : | Civil No. 07-5625 (RBK) |
| Plaintiff, | : | |
| v. | : | OPINION |
| LT. DET. MCLAUGHLIN, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    MORRELL HOYLE, #977052B, <u>Pro Se</u>
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

<u>**KUGLER, District Judge**</u>

    Plaintiff Morrell Hoyle, who is presently confined at East Jersey State Prison, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff.[1] As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

---

[1] On December 3, 2007, this Court denied Plaintiff's application to proceed <u>in forma pauperis</u> without prejudice and administratively terminated the case because the application to proceed <u>in forma pauperis</u> was incomplete. Plaintiff submitted the required prison account statement on January 2, 2008, and this Court reopened the case on January 10, 2008.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by four Wildwood Police Officers. He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that, on two occasions, Wildwood Police officers McLaughlin, Gallagher, Clemens and Ramsey, forged arrest warrants and arrested Plaintiff on the forged arrest warrants.  Specifically, Plaintiff asserts that defendants knowingly arrested Plaintiff on forged arrest warrants on March 15, 2005, and March 18, 2006.  He also alleges that defendants failed to provide a probable cause hearing within 72 hours of arrest.  Plaintiff further contends that defendants' conduct constitutes malicious prosecution.  For relief, Plaintiff seeks dismissal of the state criminal charges and damages.

By letter dated March 11, 2008, Plaintiff supplemented his Complaint.  Plaintiff asserts that he challenged the legality of the search warrant in his prosecution on Indictment No. 05-04-00251-I, and that the issue is presently before the Appellate Division.  Plaintiff alleges that he appeared in state court on the second indictment, Indictment No. 06-05-00304-I, which charges him with a drug offense, on April 12, 2006.  The remainder of the letter is illegible.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would

3

>entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
>\*                              \*                              \*
>
>The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context. Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." Twombly, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.
>
>The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
>The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as

4

true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Liberally construing the Complaint, this Court reads the Complaint as potentially asserting that (A) Plaintiff's arrests on March 15, 2005, and March 18, 2006, violated the Fourth Amendment, applicable through the Fourteenth Amendment, because the arrest warrants were forged; (B) the failure to provide a probable cause hearing within 72 hours violated Plaintiff's constitutional rights; and (C) Defendants unconstitutionally maliciously prosecuted Plaintiff on Indictments 05-04-00251-I and 06-05-00304-I.

A.  Arrest on Forged Warrants

Plaintiff challenges the arrests on March 15, 2005, and March 18, 2006, on the ground that the police knowingly forged the arrest warrants. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. See Albright v. Oliver, 510 U.S. 266, 274-75 (1994). However "while the Court has expressed a preference for the use of arrest warrants when feasible . . . , it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a

6

warrant." Gerstein v. Pugh, 420 U.S. 103, 113 (1975) (citation omitted).  This is because "when an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable." Virginia v. Moore, 128 S. Ct. 1958, 1604 (2008); see also Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996) ("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested").  Accordingly, "a policeman's on -the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." Gerstein, 420 U.S. at 113-114.

      In this case, Plaintiff maintains that he was arrested on the basis of forged arrest warrants, but he does not explain what he means by a "forged arrest warrant," and he does not assert facts showing that the police lacked probable cause to arrest him.  In the absence of factual allegations showing a lack of probable cause, the Complaint does not state a Fourth Amendment seizure claim based on the arrests of March 15, 2005, or March 18, 2006.  This Court will accordingly dismiss the Fourth Amendment claims based on those arrests for failure to state a claim upon which relief can be granted.  However, because Plaintiff may be able to assert a Fourth Amendment claim if the police lacked probable cause to arrest him on either or both dates, the dismissal is without prejudice to the filing of an amended complaint, within 30 days, which asserts that the police lacked probable cause to arrest Plaintiff and sets forth the factual basis for

Plaintiff's assertion that the police lacked probable cause to arrest him.[2]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

B.  Probable Cause Hearing

Plaintiff complains that defendants violated his constitutional rights by depriving him of a probable cause hearing within 72 hours of the above-described arrests.  To be sure, the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.  See Gerstein v. Pugh, 420 U.S. 103, 114 (1975).  However, the Complaint, as supplemented by Plaintiff's letter dated March 11, 2008, indicates that a grand jury returned indictments against Plaintiff for criminal offenses related to the March 15, 2005, arrest (Indictment No. 05-04-00251-I) and the March 18, 2006, arrest (Indictment No. 06-05-00304-I).  Because an indictment "returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry," the failure to provide a probable cause hearing did not in and of itself violate Plaintiff's rights under the Fourth Amendment.[3]  See Gerstein, 420 U.S. at 118 n.19; see also Giordenello v. United States, 357 U.S. 480, 487 (1958) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the

---

[2] Plaintiff should be aware that the two-year statute of limitations on an unconstitutional arrest claim begins to run when the defendant becomes detained pursuant to legal process.  See Wallace v. Kato, 127 S. Ct. 1091, 1097 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim [for false arrest and imprisonment] commenced to run when he appeared before the examining magistrate judge and was bound over for trial").

[3] New Jersey Court Rule 3:4-3(a) provides: "If the defendant does not waive a hearing as to probable cause and if before the hearing an indictment has not been returned against the defendant with respect to the offense charged . . . , a judge of the Superior Court shall hear the evidence offered by the State within a reasonable time and the defendant may cross-examine witnesses offered by the State."  N.J. Ct. R. 3:4-3(a).

indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged. Here, in the absence of an indictment, the issue of probable cause had to be determined by [a judge]"); United States v. Contreras, 776 F. 2d 51, 54 (2nd Cir. 1985) ("the return of an indictment eliminates the need for a preliminary examination at which a probable cause finding is made by a judicial officer"). Accordingly, Plaintiff's § 1983 claim based on failure to conduct a probable cause hearing within 72 hours of arrest will be dismissed for failure to state a claim upon which relief can be granted.

C.  Malicious Prosecution

Plaintiff asserts that defendants maliciously prosecuted him in violation of his constitutional rights and § 1983. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975); see also Hartman v. Moore, 547 U.S. 250 (2006). Because Plaintiff does not assert that either criminal prosecution terminated in his favor, the Complaint does not state a constitutional tort for malicious prosecution. See Heck v. Humphrey, 512 U.S. 477, 484-86 (1994). However, Plaintiff may file an amended complaint if either criminal proceeding terminated in his favor.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in forma pauperis</u> and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.

s/Robert B. Kugler<br>
<b>ROBERT B. KUGLER</b>, U.S.D.J.

Dated:      July 1     , 2008